Ishutkina v. CitiMortgage, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>PETER W. HALL,
>GERARD E. LYNCH,
>>*Circuit Judges*.

───────────────────────────────────

Tatyana Ishutkina, Nikolay Synkov,

>*Plaintiffs-Appellants*,

v.                                          19-1661

CitiMortgage, Inc.,

>*Defendant-Appellee*.

───────────────────────────────────

FOR PLAINTIFFS-APPELLANTS:             Tatyana Ishutkina, Nikolay Synkov, pro se, Avon, CT.

FOR DEFENDANT-APPELLEE:             Pierre-Yves Kolakowski, Zeichner Ellman & Krause LLP, Stamford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut

(Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, and the motion for remand is **DENIED**. In addition, plaintiffs-appellants are hereby **ORDERED** to file a response within 30 days of the entry of this order stating why a leave-to-file sanction should not be imposed.

Plaintiffs-appellants Tatyana Ishutkina and Nikolay Synkov, proceeding pro se, appeal from the district court's dismissal of their complaint for failure to state a claim and its denial of their motion for reconsideration. Plaintiffs alleged that defendant-appellee CitiMortgage, Inc. rebuffed their attempts at payment on a mortgage and intimidated and confused them. Plaintiffs also alleged a widespread conspiracy involving non-parties. In addition, plaintiffs have moved for remand to the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although "we liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam),[1] pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Thus, despite affording pro se litigants "some latitude in meeting the rules governing litigation, . . . we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Id.* Nor will we usually decide issues that an appellant raises only in passing. *See, e.g.*, *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se appellant forfeited any challenge to those aspects of the district court's ruling

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

that he mentioned only "obliquely and in passing" on appeal).

In the instant case, plaintiffs have forfeited any challenge to the judgment below because they have failed to raise any arguments concerning the dismissal of their complaint, the denial of their motion for reconsideration, or their allegations against CitiMortgage. Instead, their brief consists of vague and conclusory allegations concerning the shipbuilding industry and non-parties.

In any event, the district court properly dismissed plaintiffs' complaint because it failed to state a plausible claim for relief. We review de novo the dismissal of a complaint for failure to state a claim. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and it must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a complaint must give the defendant fair notice of the grounds on which the plaintiffs' claims rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *see also* Fed. R. Civ. P. 8(a).

Plaintiffs' complaint contained minimal allegations against CitiMortgage, alleging only that CitiMortgage refused to accept mortgage payments and that CitiMortgage's communications were confusing and intimidating. Plaintiffs did not explain why they were entitled to relief, and they did not cite any law in support of their claims. The complaint thus failed to give CitiMortgage fair notice of the claims against it. Additionally, the district court properly denied plaintiffs' motion for reconsideration because plaintiffs did not "point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiffs have also moved for remand to the district court, attaching as an exhibit a loan modification agreement between the parties. Plaintiffs fail to explain how that document—dated

3

after the district court entered judgment and denied plaintiffs' motion for reconsideration—is relevant to their claims. Plaintiffs also fail to explain why remand is appropriate, and no reason is evident from the face of the document.

In 2017, we warned plaintiffs that "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a sanction, which may require [plaintiffs] to obtain permission from this Court prior to filing any further submissions in this Court (a 'leave-to-file' sanction)." *Ishutkina v. Levine*, No. 17-1857 (2d Cir. Aug. 21, 2017), ECF No. 52. When, as here, parties fail to heed such a warning, our practice is to order them to show cause why the sanction should not issue. *See, e.g.*, *In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *see also Biton v. Barr*, No. 18-2762 (2d Cir. Feb. 22, 2019), ECF No. 62. Accordingly, the judgment of the district court is **AFFIRMED**, the motion for remand is **DENIED**, and plaintiffs are hereby **ORDERED** to file a response within 30 days of the entry of this order stating why a leave-to-file sanction should not be imposed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
